UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAKESHA HAYES                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:17cv750TSL-RHW

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, AND
JOHN DOES 1 THROUGH 10                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Lakesha Hayes and defendant Allstate Property and Casualty Insurance Company (Allstate) have filed motions for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes for reasons which follow that plaintiff's motion should be denied and Allstate's motion should be granted in part and denied in part.

Facts:

On July 12, 2016, a fire destroyed Hayes' home. At the time of the loss, the home was covered by an Allstate policy, which provided coverage of $218,240 for the dwelling (structure); $160,000 for personal property (contents); and coverage for up to twelve months of additional living expenses in an amount determined by Allstate. The home was a total loss. On September 16, 2016, in connection with her claim for benefits under her homeowner's policy, Hayes submitted to Allstate a sworn proof of

loss, claiming contents loss at a replacement cost value of $160,000 and actual cash value of $130,000. In support of her claim, Hayes submitted personal property inventory loss forms in which she listed and provided an estimated value of the items of personal property she claimed were lost in the fire. Based on the information Hayes provided as to the age, value and condition of the listed items, Allstate estimated the contents loss at a replacement value of $127,855 and actual cash value of $101,381.66. However, based on (1) purported discrepancies in the testimonies of Hayes and her husband in their subsequent examinations under oath as to the quantity, cost and age of a number of items listed in the inventory forms, and (2) the conclusion of Allstate's retained forensic accountant that Hayes' claimed contents loss was not "reasonable or accurate" and was not "adequately supported by records of actual expenditures",[1] Allstate concluded that Hayes had made material misrepresentations in overvaluing the contents. By letter dated June 7, 2017, Allstate, citing the policy's misrepresentation and concealment

---

[1] David Hines, the forensic accountant, noted in his May 10, 2017 report that while Hayes claimed to have purchased contents at a cost of over $100,000 in the three years preceding the fire, her financial records showed that her net pay for that same period averaged $15,919 per year, for a total of $47,757. He concluded that, even considering Mr. Hayes' total income of $24,740.00 in 2014 and 2015, their combined net pay was still significantly less than the amount necessary to purchase the contents identified on the personal property inventory forms.

2

clause,[2] denied Hayes' claim for benefits under the policy, including not only for her contents loss, but also for the loss of the dwelling and for additional living expenses. In its denial letter, Allstate wrote:

> Our investigation into your claim indicates that you concealed and/or misrepresented material facts and circumstances. Based upon our investigation of your claim, we concluded that yoyu (sic) made misrepresentations regarding your financial condition and regardin (sic) material aspects of your claim. Allstate concluded that you made misrepresentations relating to the contents claim you submitted under Section I - Coverage C Personal Property Protection. We have concluded that you intentionally overstated the value of the personal property damaged by the fire. Allstate concluded that you made additional misrepresentations during the investigation of the claim. Additionally, there have been discrepancies in the information you have provided to us regarding your claim. The information you provided to us regardin (sic) the events on the evening when the fire occurred is contradicted by other evidence that was obtained during the investigation. There were additional misrepresentations made by you during the investigation and discrepancies within the information you provided to us. For these reasons, Allstate denies your claim based upon your breach of the foregoing provision in your policy.
>
> The denial of your claim includes any coverages which would be available under Section 1 - Coverage A Dwelling Protection, Section I - Coverage B Other Structures Protection, Section I - Coverage C Personal Property Protection, and Section I - Additional Protection for Additional Living Expense.
>
> Due to the concealment and misrepresentations which were made during the investigation into your claim, we have been unable to fully investigate the claim. For that

---

[2] That provision states: "We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance."

3

reason, Allstate reserves the right to deny your claim
for additional reasons which may become known based upon
new information.

On August 18, 2017, Hayes filed the present action asserting various causes of action based on allegations that Allstate has "in bad faith refused to pay" her claim for benefits under the subject policy "with no arguable reason for doing so." As relief, she demanded payment for her covered losses;[3] emotional distress damages and attorney's fees (extra-contractual damages); and punitive damages.

Summary Judgment Motions

Hayes has moved for partial summary judgment as to her entitlement to benefits under the policy for her remaining dwelling loss and additional living expenses.[4] In support of her

---

[3] Allstate paid off the mortgagee on October 14, 2016, in the amount of $76,309.90. Hayes seeks to recover the remaining balance of the dwelling coverage.

[4] Hayes also purports to seek partial summary judgment as to her "entitlement to have a jury in this case determine the amount of damages, over and above contract damages and interest, she may recover from Allstate during the first phase of trial," and "to have the issue of punitive damages submitted to a Jury." This is not a proper request for summary judgment. Rule 56 states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Hayes' position, as expressed in her motion, is not that she is entitled to judgment as a matter of law on her claim for extra-contractual damages or for punitive damages but rather that Allstate is not entitled to summary judgment as to her claims for extra-contractual and punitive damages. Accordingly, there is no basis for granting summary judgment in her favor as to these issues.
In this part of her motion, Hayes acknowledges that her claim for punitive damages must be bifurcated, see Hartford Underwriters

4

motion, Hayes argues that the subject policy is divisible, providing separate coverages for the dwelling, personal property and living expenses. She thus contends that even if Allstate could properly have denied her contents claim based on alleged misrepresentations as to the extent of her personal property loss (which she denies[5]), nevertheless, as a matter of law, she is still entitled to recover benefits for the loss of the dwelling and for her additional living expenses as Allstate had and has no basis for denial of benefits under these coverages. In other words, she maintains that since the policy is divisible, then any misrepresentation or concealment as to her contents loss could only preclude recovery under her contents coverage and does not affect her entitlement to benefits under her separate dwelling and additional living expenses coverages.

Allstate has filed its own motion for summary judgment, or in the alternative, for partial summary judgment, asserting that any claim by Hayes for policy benefits – including for contents,

---

Ins. Co. v. Williams, 936 So. 2d 888, 896–97 (Miss. 2006) (stating "our punitive damages statute mandates that all evidence regarding the punitive damages issue be tried in a separate evidentiary hearing before the same trier of fact, if but only if, the jury has awarded some measure of compensatory damages.") (citing Miss. Code Ann. § 11-65-1(c)), but she argues that her claims for extra-contractual damages, including emotional distress and attorney's fees, should be heard by the jury during the first phase of the trial. This aspect of her motion is also not the proper subject of a summary judgment motion.

[5] Hayes does not seek summary judgment on her claim for benefits under the policy's coverage for personal property.

dwelling and additional living expenses – fails as a matter of law based on undisputed evidence of Hayes' material misrepresentations and concealment. It argues, in the alternative, that it is entitled to summary judgment on Hayes' claim for punitive damages because, as a matter of law, the undisputed evidence of her misrepresentations and concealment at least demonstrates that Allstate's denial was made in good faith, supported by legitimate and arguable bases, so as to preclude recovery for extra-contractual or punitive damages.[6]

---

[6] Allstate asserts that Hayes has not pled a cause of action for bad faith as would support her demand for punitive damages, and that she has not even pled a claim for breach of contract. This is incorrect. In count one of her complaint, Hayes alleges that Allstate's "breach of said good faith and fair dealing ... evinced conduct ... so egregious as to amount to a separate and independent tort amounting to bad faith on the part of ... Allstate." This is clearly a "bad faith" claim. See BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co., 892 F. Supp. 2d 779, 783 (S.D. Miss. 2012) ("The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness.") (citations omitted). Moreover, while it is true that Hayes did not include a count in the complaint specifically denominated as being for "breach of contract", she does clearly allege that an Allstate policy was in effect at the time of the fire; that benefits were payable under the terms of the policy; and that Allstate failed to pay those benefits. In substance, that is a claim for breach of contract. See Bus. Commc'ns, Inc. v. Banks, 90 So.3d 1221, 1224-25 (Miss. 2012) (elements of claim for breach of contract are the existence of a valid and binding contract and a breach of that contract).

6

### The Policy is Divisible

Under applicable Mississippi law,[7] Allstate's policy is clearly divisible. Consequently, any alleged misrepresentation or concealment by Hayes as to her contents loss would not affect her entitlement to coverage for loss of the dwelling or to covered living expenses.

In Claxton v. Fidelity & Guaranty Fire Corp., 179 Miss. 556, 175 So. 210, 211 (1937), the policy at issue was "a standard schedule policy; the premium paid therefor by the insured was named as an entirety at $19.50, $2,000 was stipulated as the amount of insurance on the dwelling house and $1,000, listed separately, on household and kitchen furniture and personal property." 19 Miss. 556, 175 So. 210, 211 (1937). The lower court found the policy was indivisible and was avoided in its entirety because of the insured's false swearing. Id. The Mississippi Supreme Court reversed, however, concluding that the policy was divisible so that the insured's misrepresentations regarding the value of personal propery damaged in the fire did not void the coverage for the dwelling, notwithstanding a provision in the policy stating that the "entire policy" would be void if the insured "concealed or misrepresented ... any material

---

[7] Mississippi substantive law applies in this diversity action. See Erie R.R. v. Tompkins, 304 U.S. 64, 78-79, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

7

fact or circumstance concerning this insurance or the subject thereof ... or ... in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." Id. at 213. Addressing the issue, the court wrote:

> Was the contract of insurance indivisible?  Numerous authorities from other jurisdictions hold that where the premium on different articles, separately named for a specific amount of insurance, is fixed and paid as an entirety, then the policy is indivisible. ... In those cases it was held that fraud and false swearing as to valuations of property avoids the entire policy, but these decisions are from states which have held that the contract is indivisible when made.  This court is not in agreement with that line of reasoning and has repeatedly held that *a schedule policy,[8] such as we have before us, insuring various items and fixing the amount of insurance to be paid on each, is separable, although the premium is fixed as an entirety; and that because the policy is void as to one item, that fact does not render it unenforceable as to the others.*  Phoenix Ins. Co. v. Summerfield, *supra*; Mitchell v. Mississippi Home Ins. Co., 72 Miss. 53, 18 So. 86, 48 Am.St.Rep. 535; Darden v. Liverpool & London & Globe Ins. Co., 109 Miss. 501, 68 So. 485; Scottish Union & National Ins. Co. v. Warren Gee Lumber Co., 118 Miss. 740, 80 So. 9, 12, and National Union Fire Ins. Co. v. Provine, 148 Miss. 659, 114 So. 730.

Id. at 212-13 (emphasis added).  No Mississippi court has ever held to the contrary, and this remains the law in Mississippi.

---

    [8]    In Darden v. Liverpool & London & Globe Ins. Co., the court described "a so-called 'schedule policy,'" as one "covering both insurable realty and personalty", and observed that "[t]he writing of a schedule policy of this kind, instead of two or more policies, is a convenience to both parties."  109 Miss. 501, 68 So. 485, 487-88 (1915).

8

See Travelers Indem. Co. v. Wetherbee, 368 So. 2d 829, 835 (Miss. 1979) ("Claxton ... and its progenitors, cited therein, ... unequivocally establish the divisibility of policy coverages so they may be considered as separate contracts even though the premiums are paid in the entirety."); Merchants Nat. Bank, Vicksburg v. Se. Fire Ins. Co., 751 F.2d 771, 779 (5th Cir. 1985) ("Under Mississippi law, standard schedule insurance on real estate and contents is considered to consist of two coverages even though contained in a single policy in which a single premium is paid.") (citing Travelers and Claxton). Thus, in this case, as in the cited cases, "[s]ince the coverage on the realty and personalty is divisible, [Allstate] cannot withhold coverage on the realty based solely upon concealment of facts or misrepresentations concerning the personalty." Merchants Nat'l Bank, 751 F.2d at 779.[9] Instead, any misrepresentation as to the

---

[9] Allstate contends that Claxton v. Fidelity & Guaranty Fire Corp., 179 Miss. 556, 175 So. 210, 211 (1937), and Titan Indemnity Co. v. Pope, 876 So. 2d 1096 (Miss. App. 2004), "make clear that a policy with one single premium is indivisible, and any material misrepresentation and concealment can void all coverage." Undoubtedly, a policy with individually calculated premiums for separate coverages would be severable, as was the case in Titan. See Titan, 876 So. 2d at 1101 (individually calculated premiums for a total amount of premiums due created separate contracts). However, the premium in Claxton was a single premium, i.e., "*fixed as an entirety*", and the policy was held to be divisible. Claxton, 175 So. 2d at 212.
The court notes that plaintiff has submitted as evidence a document from her insurance agent, with an Allstate heading, listing separate premium amounts for each of the policy's

value of the contents could only have voided the coverage of personalty under the policy.  Id.

Other Alleged Bases for Denial[10]

In response to Hayes' motion, Allstate contends that even if the policy is divisible, Hayes is not entitled to summary judgment on her claims for benefits under the policy's dwelling and additional living expenses coverages because, in addition to her misrepresentations relating to the value of her contents, evidence shows she made other misrepresentations and concealed material information relating to *all* her coverages, thus precluding recovery under any of the policy's coverages.  In this regard, Allstate points to the following alleged misrepresentations and/or concealments:

> Whereas Hayes testified in her examination under oath that she went to bed between 9:00 and 10:00 p.m. on the night of July 11, 2016, and that she and her husband were in the same hotel room during this time, phone

---

coverages and providing a total amount of premium due.  Allstate objects that the document is the agent's business record showing the separate coverages and charges for internal billing purposes and is not a part of the policy itself and thus may not properly be considered by the court in construing an unambiguous policy. The court need not resolve this issue, however, since even without this evidence, the court readily concludes that the policy is divisible.

[10] Under Mississippi law, Allstate "may rely on any exclusion in the policy to show that no coverage existed, whether or not that exclusion was the stated basis for denial." Sobley v. S. Nat. Gas Co., 210 F.3d 561, 564 (5th Cir. 2000).

10

records show eighteen phone calls between them from 9:25 p.m. to 11:44 p.m.;

Whereas Hayes told the cause and origin investigator that a cleaning lady may have placed charcoal lighter fluid in the den (the room where the fire started) before the fire, she did not disclose this in her examination under oath;

Whereas Hayes said in her recorded statement that one of her sons was in jail when they went to the Gulf Coast for a seminar the day before the fire, she testified in her examination under oath that all her children were with her on that trip;

While Hayes reported to the cause and origin investigator that one of the electrical outlets in the den had given her problems, Hayes' husband removed the electrical wiring from the home before the electrical engineer arrived to investigate (thereby concealing material evidence);

Hayes failed to produce her full tax returns and other financial documents repeatedly requested by Allstate during its investigation.[11]

In reply, Hayes denies there was any misrepresentation and/or concealment as to any of these matters as would void coverage

---

[11] Allstate's policy states: "In the event of a loss to any property that may be covered by this policy, you must ... give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies...." Allstate argues that Hayes' "failure to produce the requested documents and the destruction of evidence constitute separate and additional bases for precluding coverage under her policy, and also constitute arguable bases for precluding punitive damages." The fact that Allstate did not purport to deny Hayes' claim for either of these reasons does not preclude it from asserting them as a basis for finding that no coverage exists; however, since neither was given as a reason for denial of her claim, they cannot be considered as a basis for concluding Allstate had an arguable reason to deny coverage. See *infra* 14-15.

11

under the policy.  She specifically denies that she or her husband
knowingly or willfully made any false statements or provided false
information as to any material matter or that either of them
knowingly or willfully concealed or withheld material information.
See Clark v. Aetna Cas. & Sur. Co., 778 F.2d 242, 245 (5th Cir.
1985) (citation omitted) ("In Mississippi, for an insurance
company to defeat a policy on the basis of a 'concealment' clause,
it must establish that statements by the insured were (1) false
and (2) material and (3) knowingly and wilfully made.").  She
concludes that these other alleged misrepresentations and/or
concealments identified by Allstate "are disputed" and hence
"questions for a trier of fact", i.e., that "should go to the
jury."  In light of that concession, it follows that Hayes' motion
for partial summary judgment as to coverage for the dwelling and
for additional living expenses must be denied.

Allstate's Motion for Summary Judgment

Allstate has moved for partial summary judgment on Hayes'
claims for extra-contractual and punitive damages.  Hayes has the
burden to prove that Allstate acted in bad faith when it denied
her claim under the policy.  Broussard v. State Farm Fire & Cas.
Co., 523 F.3d 618, 628 (5th Cir. 2008).  To establish her claim
for punitive damages, she must prove that Allstate denied her
claim "(1) without an arguable or legitimate basis, either in fact

or law, and (2) with malice or gross negligence in disregard of the insured's rights." Id. Allstate, "on the other hand, need only show that it had reasonable justifications, either in fact or in law, to deny payment." Id. (quotation omitted). Even if Allstate is not liable for punitive damages, it "may nonetheless be liable for 'consequential or extra-contractual damages (e.g., reasonable attorney fees, court costs, and other economic losses)' [if its] decision to deny [Hayes'] claim is without 'a reasonably arguable basis' but does not otherwise rise to the level of an independent tort." Id. (quotation omitted). The court, after reviewing all the evidence presented by the parties, is responsible for deciding whether the issue of punitive damages should be submitted for jury consideration. Id. (citing Lewis v. Equity Nat'l Life Ins. Co., 637 So. 2d 183, 185 (Miss. 1994)).

It is clear from the undisputed evidence that Allstate had a legitimate or arguable basis for its denial of Hayes' contents claim. In addition to apparent inconsistencies in the testimony of Hayes and her husband about the contents in the home at the time of the fire and the value of the contents, Allstate's forensic accountant concluded that Hayes' claimed contents loss was not "reasonable or accurate" and was not "adequately supported by records of actual expenditures". At this time, however, the court is unable to conclude that Allstate has demonstrated that it

13

is entitled to summary judgment on Hayes' claim for extra-contractual and punitive damages for Allstate's denial of her claim for benefits under the policy's dwelling and additional living expenses coverages. In the court's opinion, Allstate did not have a legitimate or arguable basis for denying those claims on the basis of alleged misrepresentations as to the contents coverage as the policy is clearly divisible under Mississippi law. See Travelers Indem. Co. v. Wetherbee, 368 So. 2d 829, 835 (Miss. 1979) (where policy is divisible, "insurer may be liable for punitive damages on one contract even though other contractual payments are delayed because of legitimate dispute."). However, that was not the only reason Allstate gave Hayes for its denial of her claim.

While an insurer is not limited to the stated basis for denial in undertaking to show that no coverage exists, if it is ultimately determined that an insured's claim is covered, then for purposes of determining whether there was an arguable basis for the insured's denial of coverage, that is, for extra-contractual/ punitive damages purposes, the court considers "solely ... the reasons for denial of coverage given to the insured by the insurance company." Sobley v. S. Nat. Gas Co., 210 F.3d 561, 564 (5th Cir. 2000) (citing Eichenseer v. Reserve Life Ins. Co., 682 F. Supp. 1355, 1372 (N.D. Miss. 1988), *aff'd*, 881 F.2d 1355 (5th

14

Cir. 1989), *cert. granted and vacated on other grounds*, 499 U.S. 914, 111 S. Ct. 1298, 113 L. Ed. 2d 233 (1991), *on remand and aff'd*, 934 F.2d 1377; Bankers Life & Cas. Co. v. Crenshaw, 483 So. 2d 254, 273 (Miss. 1985) ("the issue is not the defense which [the insurer] finally settled upon to defend the suit, but the reason it gave [the insured] for denying the claim")).

In the case at bar, Hayes insists that Allstate denied coverage solely on the basis of alleged misrepresentations and concealments relating to her contents claim. In support, she points to deposition testimony of Paula Ogilve, who made the final decision to deny the claim, that the claim was denied because of material misrepresentations related to the contents claim.[12] However, in its denial letter, while Allstate gave as its primary reason for denial that Hayes "made misrepresentations relating to the contents claim you submitted under Section I - Coverage C Personal Property Protection" by "intentionally overstat[ing] the value of the personal property damaged by the fire", Allstate further stated that "[t]here were additional misrepresentations made by you during the investigation and discrepancies within the information you provided to us," and stated, more particularly, that "[t]he information you provided to us regardin (sic) the

---

[12] Ogilve stated that while "there were some other items outlined in the file, ... the contents was the basis for the material misrepresentation" denial; she could not recall any concealment or representation relating to the dwelling claim.

events on the evening when the fire occurred is contradicted by other evidence that was obtained during the investigation."[13] Allstate did not elaborate on the nature of the purported "misrepresentations," "discrepancies" or "contradict[ions]". However, assuming it was referring to Hayes' testimony about what time she went to bed on the night of the fire, whether her husband was in the hotel room the entire evening, and whether one of her sons was in jail or was instead out of town with her at the time of the fire, given that Allstate's investigator confirmed early in the investigation that Hayes and her family were at a seminar on the Mississippi Gulf Coast, it is not apparent that any of these statements were material or could arguably or legitimately have supported Allstate's denial of Hayes' claim. Cf. Watkins v. Cont'l Ins. Cos., 690 F.2d 449, 452–53 (5th Cir. 1982) (whether insured was at the tavern in Tennessee, eighty miles north of the home that burned, or instead in Muscle Shoals, one hundred miles northeast of the home, "does not on its face seem to be material to the interests of the insurer in determining the cause of the fire; any more than if the misstatement had been 'France' instead of 'Germany.'").[14] Accordingly, the court concludes that Allstate's

---

[13] While Allstate vaguely referred throughout the letter to "additional misrepresentations", it did not identify any alleged misrepresentations other than those pertaining to the contents claim and the "events on the evening of the fire."

[14] The relevance of Hayes' whereabouts on the night of the fire could only have been material to the cause of the fire.

motion for partial summary judgment on Hayes' claim for extra-contractual and punitive damages for denial of coverage for dwelling and additional living expenses will be denied.

Additional Causes of Action

In addition to her claims for breach of contract and bad faith, Hayes' amended complaint purports to set forth causes of action for economic duress (count two), fraudulent and/or negligent misrepresentation (count three), and negligence and/or gross negligence (count four). Allstate is entitled to summary judgment on the claim for economic duress for the same reason an identical claim was dismissed in Macke v. American General Life Insurance Co., No. 3:15CV853TSL-RHW, 2016 WL 83875, at *3 (S.D. Miss. Jan. 7, 2016). In her fraudulent and/or negligent misrepresentation count, Hayes does not identify any misrepresentation. She does allege in the negligence/gross negligence count that she "relied on" the policy and "had reason to believe that [Allstate] would honor [its] contractual obligations," and that Allstate breached its "duty to fully and totally represent true and honest facts in all aspects of the sale

---

Allstate did investigate the cause of the fire to determine whether it was intentionally set. Ultimately, however, Allstate was unable to determine the cause of the fire and did not assert arson as a basis for its denial of Hayes' claim; and it does not assert arson as a defense to coverage in this action. However, materiality is determined by reference to the time the statements were made; and at the time the statements at issue were made, Allstate was still investigating the cause of the fire.

17

of the subject policy" and "breached those duties with reckless disregard" for her rights.  Neither count states a viable cause of action.  See id. at *4 (concluding that vague reference to "misrepresentations" without identifying the nature of any misrepresentation did not state claim; further stating that under Mississippi law, claim of misrepresentation "cannot be predicated on a promise relating to future actions" but rather "must be related to past or presently existing facts.") (quoting <u>Spragins v. Sunburst Bank</u>, 605 So. 2d 777, 781 (Miss. 1992)).

Conclusion

Based on the foregoing, it is ordered that Hayes' motion for partial summary judgment is denied.  It is further ordered that Allstate's motion for partial summary judgment on Hayes' claim for punitive damages and extra-contractual damages is granted as it relates to the denial of the claim for contents coverage but is otherwise denied.

SO ORDERED this 10th day of July, 2019.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

18